UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

TAWANDA BROWN,

      Petitioner,

v.                                                                                                       Case No. 11-C-0496

UNITED STATES OF AMERICA,

      Respondent.

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
(DOC. # 2), DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 3),
SCREENING § 2255 MOTION AND REQUIRING THE UNITED STATES
TO FILE AN ANSWER

On May 18, 2011, Tawanda Brown filed this motion pursuant to 28 U.S.C. § 2255, asserting that her sentence in this court was imposed in violation of the Constitution. Brown filed with her original § 2255 motion a request to proceed *in forma pauperis* and a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). However, there is no fee to initiate a § 2255 case. Therefore, her motion for leave to proceed *in forma pauperis* is moot.

On June 30, 2009, Brown was convicted of maintaining drug-involved premises pursuant to 21 U.S.C. § 856(a)(2), and the court sentenced her to 37 months imprisonment on May 18, 2010. She did not appeal her conviction.

The court must give the motion prompt initial examination under Rule 4 of the Rules Governing § 2255 Proceedings, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to

>file an answer, motion, or other response within a fixed time, or
>to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

Section 2255 motions require an assertion that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Brown asserts three grounds for relief in her motion. First, she claims that the government breached the plea agreement. Brown asserts that the government breached the agreement by 1) withdrawing the original Assistant United States Attorney's agreement to recommend a term of probation, 2) failing to provide discovery until the plea hearing, and 3) failing to provide the names of the confidential informants. Second, Brown claims that her counsel was ineffective for 1) failing to argue for a minimal role reduction, 2) failing to make any argument relating to her lack of knowledge of Julius Arberry's drug dealing, 3) failing to make any argument regarding the confidential informant's reliability, 4) failing to file a motion regarding Arberry's attorney contacting her, 5) advising her to enter the plea, and 6) failing to seek withdrawal of her plea. Third, Brown claims that the court should not have considered the testimony of a confidential informant during sentencing because the informant was unreliable.

Breach of a plea agreement appears to implicate a federal, constitutional issue, based on a defendant's right to due process and the requirement that her waiver of a right to trial be voluntary. *Santobello v. New York*, 404 U.S. 257 (1971). Also, ineffective assistance of counsel is clearly a constitutional ground for relief under *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Moreover, habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001).

Brown has filed a motion for appointment of counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel for an indigent movant seeking relief under 28 U.S.C. § 2255. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). Appointment of counsel for a § 2255 movant is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding *in forma pauperis*. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Id.* at 649. The decision is a discretionary one. *Id.* at 653; *Jackson*, 953 F.2d at 1071.

A threshold question is whether the litigant has attempted to obtain counsel or has been effectively precluded from doing so. *Pruitt*, 503 F.3d at 654-55; *Jackson*, 953 F.2d at 1072-73. Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Pruitt*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the

case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.*

Brown has not met the threshold requirement of establishing that she has looked for counsel to represent him at a reduced or no charge. For that reason, at this time the court will deny her motion without prejudice. After contacting at least five attorneys who handle habeas cases or practice criminal law to no avail petitioner may file another such motion, in which she should discuss her own competency to proceed without a lawyer and the complexity of the legal issues.

Additionally, Brown makes only a conclusory assertion that she is unschooled in the law, that only legal counsel can make the appropriate mitigating arguments and properly research the law. She will need to discuss the above-described factors, as they apply to her specific case, in more detail to persuade the court that the interests of justice require that counsel be appointed. Therefore,

IT IS ORDERED that Brown's motion for leave too proceed *in forma pauperis* is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied without prejudice.

IT IS FURTHER ORDERED that within thirty days of the date of this order the United States answer the petition, complying with Rule 5 of the Rules Governing § 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE